# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| COURTLAND PITTS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. K24C-04-003 NEP |
| | ) | |
| BAYHEALTH MEDICAL CENTER, | ) | |
| INC., and DAWN R. | ) | |
| TARTAGLIONE, D.O., | ) | |
| | ) | |
| Defendants. | ) | |

Submitted:  August 9, 2024
Decided:  August 30, 2024

## ORDER[1]

*Upon Review of the Affidavit of Merit*
**ACCEPTED**

1.      This matter involves a healthcare negligence suit filed by Plaintiff Courtland Pitts against Bayhealth Medical Center, Inc. ("Bayhealth"), and Dawn Tartaglione, D.O. ("Dr. Tartaglione," and together with Bayhealth, "Defendants"). Dr. Tartaglione has submitted a motion asking the Court to review the affidavit of merit filed in this case to determine whether it satisfies 18 *Del. C.* § 6853(a)(1) and (c).[2]

---

[1] Citations hereafter in the form of "(D.I. __)" refer to docket items.
[2] Mot. for the Review of the Aff. of Merit (D.I. 10).

2.      On April 3, 2024, Plaintiff filed his complaint,[3] alleging medical negligence claims against Dr. Tartaglione, and against Bayhealth under a theory of *respondeat superior* for the conduct of Dr. Tartaglione.[4]

3.      In Delaware, a healthcare negligence lawsuit must be filed with an affidavit of merit as to each defendant, signed by an expert, and accompanied by the expert's current *curriculum vitae*.[5]  The expert must be licensed to practice medicine as of the affidavit's date, and be Board certified in the same or similar fields as the defendant if the defendant is Board certified.[6]  The expert must also have been "engaged in the treatment of patients and/or in the teaching/academic side of medicine in the same or similar field of medicine as the defendant" for the three-year period preceding the alleged negligence.[7]

4.      Pursuant to 18 *Del. C.* § 6854, an expert is defined as "such [a] person [that] is familiar with the degree of skill ordinarily employed in the field of medicine on which he or she will testify."[8]  "Determining whether an expert is in a 'similar' field of medicine as a defendant is a fact-intensive inquiry."[9]  The proffered expert, however, need not be proficient in a specific medical field to qualify as an expert under the statute.[10]  In *Baoust v. Kraut*, the Delaware Supreme Court explained that

---

[3] Compl. (D.I. 1).  Plaintiff filed an amended complaint on June 6, 2024, correcting Bayhealth's name and the date of the alleged negligent surgery.  Am. Compl. (D.I. 5) ¶¶ 2, 10.

[4] Compl. ¶¶ 3, 14–15.

[5] 18 *Del. C.* § 6853(a)(1).

[6] *Id.* § 6853(c). Of course, these requirements apply only if the expert is a physician, and the requirements regarding "same or similar field" apply only if the defendant is a physician. *Zappaterrini v. St. Francis Hosp., Inc.*, 2009 WL 1101618, at *1 (Del. Super. Apr. 22, 2009) ("[B]ecause the defendant is not a physician, the statutory requirement of similar Board certification is not applicable."); *McNulty v. Correct Care Sols., LLC*, 2017 WL 1323711, at *2 (Del. Super. Apr. 7, 2017) (noting that "same or similar" Board certification does not apply where defendant is not a physician).

[7] 18 *Del. C.* § 6853(c).

[8] *Id.* § 6854.

[9] *McNulty*, 2017 WL 1323711, at *2.

[10] *Id.*

"the diagnosis and treatment of some medical problems may be of concern to doctors of different specialties, and in an area of concurrent expertise, a common standard of care may be shared."[11]

5.      The affidavit must indicate that reasonable grounds exist to believe that the applicable standard of care was breached by the defendant and that the breach was a proximate cause of injury alleged in the complaint.[12]  Additionally, the affidavit must be filed under seal; then, upon request, it may be reviewed *in camera* to ensure compliance with statutory requirements.[13]  The affidavit's requirements are "purposefully minimal" in that the General Assembly "did not intend a minitrial at this stage of the litigation."[14]  An affidavit need not repeat verbatim the statutory language; rather, its statements need only represent the functional equivalent of the statutory language to be judicially acceptable.[15]

6.      As requested by Dr. Tartaglione, the Court has performed an *in camera* review regarding the affidavit of merit that was filed with the complaint.  As to the expert in question, the Court finds as follows:

   a. The expert signed the affidavit.

   b. The current *curriculum vitae* of the expert is attached.

   c. The expert was licensed to practice medicine as of the date of the affidavit.

   d. For the three years immediately preceding the alleged negligent

---

[11] 377 A.2d 4, 7 (Del. 1977).  *See also McNulty*, 2017 WL 1323711, at *2 (quoting same); *Saddler v. Nanticoke Mem'l Hosp.*, 2012 WL 6846550, at *6 (Del. Super. Dec. 24, 2012) ("Each of these [i.e., the 3-year practice and Board certification requirements] contemplates requiring an affiant to be a physician of like experience and skill to that of a medical practitioner defendant.").

[12] 18 *Del. C.* § 6853(c).

[13] *Id.* § 6853(a)(1), (d).

[14] *Dishmon v. Fucci*, 32 A.3d 338, 342–43 (Del. 2011).

[15] *Id.*; *see also id.* at 344 ("Medical experts need not couch their opinions in legal terms, state the facts that underly their determination, or to articulate [sic] the standard of care with a high degree of legal precision or 'magic words.'" (citation omitted)).

conduct on April 6, 2022,[16] the expert was engaged in the treatment of patients in a similar field of medicine as Dr. Tartaglione.[17] The expert also has experience performing "adult spine surgeries including the type … performed here" by Dr. Tartaglione on Plaintiff, and the expert is Board certified by the American Board of Orthopaedic Surgery in a similar field of medicine to that of Dr. Tartaglione as a neurosurgeon, i.e., orthopedic surgery.[18]

    **e.** In the expert's opinion, to a reasonable degree of medical probability, the applicable standards of care were breached by the Defendants, and those breaches were proximate causes of Plaintiff's injuries.

**WHEREFORE**, in consideration of the above, the Court finds that the affidavit of merit filed with the Court on April 3, 2024, complies with 18 *Del. C.* § 6853(a)(1) and (c) as to Dr. Tartaglione.

---

[16] Am. Compl. ¶ 10.

[17] The expert's *curriculum vitae* indicates that the expert operated a private orthopedic surgical practice that ended in 2020. Since that time, according to the *curriculum vitae*, the expert's work has included the performance of "orthopedic consultations, Independent Medical Examinations, chart reviews, [and] permanency evaluations." While all this activity may not involve the direct treatment of patients, certainly at least some of it does, in particular the independent medical examinations. Moreover, engaging in quibbling over whether the subjects of such examinations qualify as the expert's "patients" would not be in keeping with the Supreme Court's instruction that the requirements of the statute are "purposefully minimal." *See Dishmon*, 32 A.3d at 342.

[18] The affidavit states that "the standard of care for the evaluation and treatment, including the surgery, of this patient's condition is the same, regardless of whether the surgeon is trained as an orthopedic spine surgeon or a neurosurgeon."

4

**IT IS SO ORDERED.**

_____
Noel Eason Primos, Judge

NEP:tls
*Via File & ServeXpress*
oc:    Prothonotary
cc:    Counsel of Record